UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENISE JONES-GOOCH,

      Plaintiff,

v.                                    CASE NO.  3:18-cv-1066-J-32JBT

MEGAN J. BRENNAN, Postmaster
General, United States Postal Service,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Second Dispositive Motion

to Dismiss ("Motion") (Doc. 14) and Plaintiff's memorandum in opposition thereto

("Response") (Doc. 18).[2]  The Motion was referred to the undersigned for a report

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] In addition, at the Court's direction, Defendant filed a legible copy of Plaintiff's EEO Complaint of Discrimination in the Postal Service ("EEO Complaint"), which was attached to the Motion.  (*See* Docs. 21 & 22.)  The Court may consider the EEO Complaint when ruling on the Motion.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

and recommendation regarding an appropriate resolution.  (Doc. 20.)  Plaintiff alleges that her employer, the United States Postal Service ("USPS"), discriminated against her on the basis of her age and disabilities when she was denied overtime work.  She further alleges that USPS subsequently retaliated against her after she contacted an Equal Employment Opportunity Counselor ("EEO Counselor") about the alleged discrimination.  (Doc. 12.)  Defendant now moves to dismiss the Amended Complaint.  (Doc. 14.)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent that the Amended Complaint (Doc. 12) be **DISMISSED without prejudice**, and that Plaintiff be given fourteen days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.[3]

## I.    Summary of Recommendation

The undersigned recommends that the Amended Complaint (Doc. 12) be dismissed without prejudice because Plaintiff has failed to allege sufficient facts to state a claim against Defendant for disability discrimination (Count I), age discrimination (Count II), or retaliation (Count III).  Plaintiff correctly observes that "[a]n employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework, but

---

[3] Although Defendant requests that the Amended Complaint be dismissed with prejudice, the undersigned recommends that Plaintiff be allowed the opportunity to amend, as Plaintiff may be able to state one or more claims if she can allege additional factual support.  (*See* Doc. 14 at 1.)

instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506 (2002) (quotations omitted).  (Doc. 18 at 2.)  However, post-*Twombly* and *Iqbal*,[4] the Eleventh Circuit has recognized that an employment discrimination complaint must still "provide enough factual matter (taken as true) to suggest intentional [] discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotations omitted).  The undersigned recommends that the Motion be granted because the Amended Complaint contains only bare conclusory allegations of discrimination and retaliation, and does not contain sufficient factual allegations, particularly regarding causation, to state any plausible claim.

## II.   Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

678; *Twombly*, 550 U.S. at 556. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Iqbal*, 556 U.S. at 678. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss*.*" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. However, the Court is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Nor is the Court "required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted

as true for the purpose of testing the sufficiency of plaintiff's allegations."  *Id.*

(internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating

conclusory allegations are "not entitled to be assumed true").

### III.   Analysis

#### A.   Disability Discrimination[5]

"To establish a prima facie case of discrimination under the [Rehabilitation]

Act, an individual must show that (1) he has a disability; (2) he is otherwise qualified

for the position; and (3) he was subjected to unlawful discrimination as the result

of his disability. . . .  To establish the third element, an individual must show that

he has suffered an adverse employment action because of his disability."  *Ellis v.*

*England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation and quotations omitted).

Plaintiff alleges that when she began her employment with USPS, she

suffered from a physical impairment, specifically bilateral hearing loss, and after

an on-the-job accident in February 2016, she developed additional physical

impairments to her neck and right arm.  (Doc. 12 at 2–3.)  The injuries from the

February 2016 accident caused Plaintiff to miss work for approximately five

---

[5] Plaintiff alleges that Defendant engaged in unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and unlawful disability discrimination in violation of the Rehabilitation Act of 1973.  (Doc. 12 at 1.)  However, Title VII reaches discrimination on the basis of race, national origin, religion, and sex, and the Rehabilitation Act reaches discrimination on the basis of disability, but neither statute covers discrimination based on age.  *See* 42 U.S.C. § 2000e *et seq.*; 29 U.S.C. § 791 *et seq.* Employment discrimination on the basis of age is covered by the Age Discrimination in Employment Act ("ADEA").  29 U.S.C. § 621 *et seq.*  Thus, the undersigned will construe Plaintiff's age discrimination claim as though it was brought under the ADEA.

months, and she returned to work in July 2016.  (*Id.* at 3.)  To support her claim of

disability discrimination, Plaintiff alleges only that on or about June 29, 2017, her

supervisor, Tina Pitts-Knight ("Pitts-Knight") "discriminated against [Plaintiff] based

on the Plaintiff's bilateral hearing loss and/or her physical impairments and

disabilities resulting from the February 2016-accident when by-passing [Plaintiff]

for overtime work and selecting other USPS employees with disabilities for

overtime work."  (*Id.* at 4.)

Aside from merely concluding that she was denied overtime work because

of her disabilities, Plaintiff alleges no facts to support a reasonable inference that

the denial of overtime work had anything to do with her physical impairments.[6]  In

the words of the Eleventh Circuit in *Uppal v. Hospital Corporation of America*, 482

F. App'x 394, 396 (11th Cir. 2012),[7] Plaintiff "has failed to allege sufficient facts

suggesting that [disability] played any part in the adverse employment actions."  As

in *Uppal*, because Plaintiff alleges no facts linking the denial of overtime work to

---

[6] Additionally, Plaintiff alleges that other disabled employees were given overtime work, which appears inconsistent with her allegation that the denial of overtime work was based on her disability.  (Doc. 12 at 4; Doc. 22-1 at 2.)  *See Wolfe v. Postmaster Gen.*, 488 F. App'x 465, 468 (11th Cir. 2012) ("[T]o establish unlawful disparate treatment, a plaintiff generally must demonstrate that his employer treated similarly situated employees outside of his protected class more favorably than he was treated.").

[7] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

her disability, the undersigned recommends that the Amended Complaint does not sufficiently state a disability discrimination claim.  *See Uppal*, 482 F. App'x at 396 (affirming dismissal of employment discrimination and retaliation claims because the plaintiff "never once supplement[ed] [her] allegations of disparate treatment with any factual detail"); *see also Andrews v. City of Hartford*, 700 F. App'x 924, 927 (11th Cir. 2017) (affirming dismissal of disability discrimination claim where the plaintiff "made only the conclusory statement that he was fired because of his disability").

### B.    Age Discrimination

The undersigned recommends that Plaintiff's age discrimination claim is similarly deficient.[8]   A "plaintiff can establish a prima facie case of age discrimination by showing he was: (1) a member of the protected class; (2) qualified for his current position; (3) subject to adverse employment action; and (4) treated less favorable than any younger, similarly situated employee." *East v. Clayton Cty., GA*, 436 F. App'x 904, 911 (11th Cir. 2011).

As with her claim of disability discrimination, Plaintiff alleges only that she is over the age of forty and that on or about June 29, 2017, Pitts-Knight "discriminated against [Plaintiff] when by-passing [her] and selecting those USPS employees younger than 40 years old for overtime work." (Doc. 12 at 4.)  Plaintiff does not

---

[8] If the Court accepts this recommendation, Defendant's argument that Plaintiff's age discrimination claim was not administratively exhausted need not be addressed. (*See* Doc. 14 at 4–6.)

support this conclusory allegation with any factual detail. Thus, for the same

reasons requiring dismissal of her disability discrimination claim, the undersigned

recommends that this claim be dismissed as well. *See Gonzalez v. Kellogg Co.*,

Case No. 8:15-cv-32-T-24TBM, 2015 WL 1538151, at *2 (M.D. Fla. Apr. 7, 2015)

(granting motion to dismiss age and race discrimination claims without prejudice

where the plaintiff "makes only the conclusory allegation that [he] has been treated

less favorably than non-Cuban, non-Hispanic younger employees").

### C.    Retaliation[9]

The undersigned recommends that Plaintiff has failed to allege sufficient

facts to state a retaliation claim.[10] "To make out a prima facie case of retaliation,

the plaintiff must show that (1) she engaged in statutorily protected activity; (2) she

suffered a materially adverse action; and (3) there was a causal connection

between the two events." *Gooden v. Internal Revenue Serv.*, 679 F. App'x 958,

967 (11th Cir. 2017). "To establish a causal connection, a plaintiff must show that

the decision-makers were aware of the protected conduct, and that the protected

activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth*

*Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (citations omitted).

---

[9] It is unclear under which statute Plaintiff is bringing her retaliation claim. However, because Plaintiff cannot state a claim under Title VII of the Civil Rights Act of 1964, the undersigned will construe Plaintiff's Amended Complaint as alleging retaliation under both the Rehabilitation Act and the ADEA.

[10] If the Court accepts this recommendation, Defendant's argument that the removal of Plaintiff's name from the overtime-desired list did not constitute retaliation because it merely maintained the status quo need not be addressed. (*See* Doc. 14 at 6–7.)

"[A] close temporal proximity between the decision-maker's acquisition of that knowledge and an adverse employment action will generally be enough to create a factual issue on the causation element.  But where . . . there is no other evidence tending to show causation, the temporal proximity must be 'very close.'"  *Singleton v. Pub. Health Tr. of Miami-Dade Cty.*, 725 F. App'x 736, 738 (11th Cir. 2018).

In the Amended Complaint, Plaintiff alleges that on or about August 8, 2017, she contacted an EEO Counselor about being bypassed for overtime work based on age and disability discrimination.  (Doc. 12 at 4.)  On November 3, 2017, Plaintiff filed a formal EEO Complaint.  (*Id.*; Doc. 22-1.)  After she "made contact with an EEO Counselor concerning the [alleged discrimination] and/or filed a formal Charge of Discrimination, [Pitts-Knight] retaliated against [Plaintiff] when removing her name from the overtime desired list while permitting other USPS employees with disabilities and/or other USPS employees younger than 40 years old to work overtime."  (Doc. 12 at 4–5.)

The undersigned recommends that Plaintiff's allegations regarding the timing of the alleged retaliation are too vague to support a claim.  Moreover, Plaintiff has failed to allege that Pitts-Knight was even aware of any protected activity.  First, to the extent that Plaintiff alleges that she was retaliated against based on her filing of the EEO Complaint, that allegation is contradicted by the EEO Complaint itself, which includes the statement that she had been removed from the overtime-desired list.  (*See* Doc. 22-1 at 2.)  Second, to the extent Plaintiff alleges that she was retaliated against as a result of contacting the EEO

9

Counselor, the undersigned recommends that Plaintiff has not plausibly alleged such a causal connection because Plaintiff fails to allege when her name was removed from the overtime-desired list or even allege that Pitts-Knight was aware of Plaintiff's contact with the EEO Counselor.[11]

In the absence of any other allegations, it appears that Plaintiff is relying solely on temporal proximity to show causation.  Thus, she must show that the proximity between Pitts-Knight learning of her protected activity and the removal of her name from the overtime-desired list is "very close."  *See Singleton*, 725 F. App'x at 738; *see also Ney v. Adventist Health Sys./Sunbelt, Inc.*, Case No. 6:13-cv-1013-Orl-31, 2013 WL 3906553, at *3 (M.D. Fla. July 29, 2013) (granting motion to dismiss FMLA retaliation claim where the plaintiff alleged only that she was fired fourteen weeks after her FMLA leave ended).  However, the absence of any allegations regarding when, or even if, Pitts-Knight became aware of the protected activity, and when Plaintiff was removed from the overtime-desired list, prevents the drawing of a reasonable inference of causation.  *See Laster v. Dollar Gen. Corp.*, Case No. 8:12-cv-2685-T-17MAP, 2013 WL 2147556, at *4 (M.D. Fla. May 16, 2013) ("Plaintiff Laster must include the basic facts of Plaintiffs claim for retaliation, including a statement of when Plaintiff engaged in statutorily protected activity, when the retaliation occurred, what the retaliation was, and who carried

---

[11] Although it is unclear, the EEO Complaint seems to suggest that the removal of Plaintiff's name from the overtime-desired list may have occurred on June 29, 2017, prior to her contact with the EEO Counselor on August 8, 2017.  (*See* Doc. 22-1 at 2.)

out the alleged retaliation.").

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 14**) be **GRANTED** to the extent that the Amended

Complaint (**Doc. 12**) be **DISMISSED without prejudice**.

2.      Plaintiff be given fourteen days from the Court's order on this Report

and Recommendation to file an amended complaint in accordance with that order,

and Defendant be given fourteen days from such filing to respond to the amended

complaint.

**DONE AND ENTERED** at Jacksonville, Florida, on April 30, 2019.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record